BURLINGAME v. ADAMS EXPRESS CO.

(Circuit Court, D. Rhode Island. July 22, 1909.)

No. 2,883.

1. CARRIERS (§ 132*)—EXPRESS COMPANIES—LOSS OF GOODS—PRESUMPTIONS.

Since an express company performs its services as carrier by various lines of railroad and other conveyances, it would be presumed, from an allegation in a declaration against an express company for loss of goods that the company received the goods addressed to a certain person and

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

destination, that it was a common carrier between the points of receipt and delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 578; Dec. Dig. § 132.*]

2. CARRIERS (§ 131*)—DELIVERY TO CARRIER—DECLARATION.

Where various counts in a declaration against an express company alleged delivery of the goods to defendant for transportation at different places, there was no other ambiguity or uncertainty than is permissible under a videlicet, so that proof of delivery at either of the places named would be sufficient.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 574; Dec. Dig. § 131.*]

3. CARRIERS (§ 95*)—TRANSPORTATION—"PROMPTLY AND WITHOUT DELAY."

The words "promptly and without delay," used to define a carrier's duty with reference to the transportation of goods, mean "with reasonable promptness, and without unreasonable delay."

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 396; Dec. Dig. § 95.*]

On Defendant's Demurrer to Plaintiff's Amended Declaration.

Barney & Lee, for plaintiff.
Green, Hinckley & Allen, for defendant.

BROWN, District Judge.    The first count alleges a delivery of goods to the defendant as a common carrier and the receipt of the goods by the defendant for carriage as such common carrier, that the goods were addressed to a certain person at San Juan, Porto Rico, and that the plaintiff paid to the defendant its charges for transportation and carrying said goods to the addressee.

The first cause of demurrer is that the declaration does not state between what points the said defendant was a common carrier of goods, nor does it otherwise appear how it became or was the duty of said defendant to deliver said goods to said consignee.    The contention on demurrer that, as a common carrier is not liable beyond its own lines, the limits of its lines should be stated, is of doubtful application to this declaration.    The defendant is an express company and is charged in the declaration with the receipt of goods in that capacity for carriage to a particular destination.    In substance it is alleged that it was a common carrier between the points of receipt and of delivery.

An express company is not, like a railroad, limited to particular lines, but performs its services as carrier by various lines of railroads and other conveyances.    See Bank of Kentucky v. Adams Express Company, 93 U. S. 174–182, 23 L. Ed. 872, and Moore on Carriers, p. 35, § 9.

I am of the opinion that the declaration sufficiently charges, with certainty to a common intent, that the defendant was a common carrier between the point of receiving the goods and the point of destination.

The second ground of demurrer relates to counts 6 to 10, inclusive. The counts allege a delivery to the defendant, and it will be sufficient if proof of delivery at either of the places named is presented at the tri-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

al. There is no other ambiguity or uncertainty that is permissible under a videlicet.

The third ground of demurrer is addressed to the sixth to tenth counts, inclusive, and is disposed of by what we have said concerning the first cause of demurrer.

The fourth cause of demurrer relates to the first, second, third, fourth, fifth, sixth, eighth, ninth, and tenth counts. Upon a reasonable construction the terms "promptly and without delay" must be interpreted to mean "with reasonable promptness and without unreasonable delay"; and as the statement of fact, rather than the statement of legal duty, must be looked at in determining the validity of the declaration, in point of substance, the fourth ground of demurrer is without substantial merit.

Demurrer overruled.